**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL RUMAJA SIMORANGKIR, | No. 10-70075 |
| Petitioner, | |
| v. | Agency No. A078-019-875 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Daniel Rumaja Simorangkir, a native and citizen of Indonesia, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision, and denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

In his opening brief, Simorangkir fails to address, and therefore has waived any challenge to, the BIA's determination that he does not qualify for asylum, withholding of removal, and relief under the Convention Against Torture. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in concluding that Simorangkir was not entitled to reopening in order to apply for adjustment of status where he failed to establish prima facie eligibility for that relief because he did not maintain continuously a lawful status after entry into the United States. *See* 8 U.S.C. § 1255(c)(2) (aliens who fail to maintain continuously a lawful status after entry into the United States are not eligible for adjustment of status); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (prima facie eligibility for relief is required for reopening). Even assuming that the period of time during which an asylum application was pending does not count as unlawful presence for purposes of 8 U.S.C. § 1255(c)(2), the application was not pending for much of the period Simorangkir was unlawfully present.

Simorangkir's equal protection claim is unpersuasive.

**PETITION FOR REVIEW DENIED.**